FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 27 2023

TAMMY H. DOWNS, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOVETTE T. ROSEBURROW**

**Plaintiff,**

v.                                                CASE NO: 4:23-cv-59-KGB

**NA SECURITY, INC.**
**D/B/A NORTH AMERICAN SECURITY, INCORPORATED**
Defendant.                                        **JURY DEMANDED**

---

### COMPLAINT

---

Comes the Plaintiff, Jovette T. Roseburrow by and through her attorney, Sheila F. Campbell, and for her Complaint, states:

This case assigned to District Judge Baker
and to Magistrate Judge Kearney

I.

### INTRODUCTION

This is a civil rights action brough pursuant to 42 U.S.C. §2000e et seq. (Title VII of the Civil Rights Act of 1964 as amended), 42 U.S.C. §1981, pursuant to the Fourteenth Amendment to the United States Constitution, and to recover legal and equitable relief on behalf of the plaintiff and against the Defendant for the unlawful employment practices that the Plaintiff has been subjected to on the basis of her race, and in retaliation of her protesting discriminatory treatment on the basis of her race. This is an action for declaratory, injunctive, and equitable relief as well as for monetary damages to redress Defendant's unlawful employment practices of discrimination and retaliation against the Plaintiff in violation of 42

1

U.S.C. §2000e et seq. and 42 U.S.C. §1981.

II.

JURISDICTION

1. Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §1331, 1343, 1391, 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981.

III.

VENUE

2. Defendant, NA SECURITY, INC.D/B/A NORTH AMERICAN SECURITY, INCORPORATED is a foreign corporation and operates its business in Pulaski County, Arkansas within the Eastern District of Arkansas at all times pertinent to this cause of action. All actions by Defendants alleged herein occurred within the Eastern District of Arkansas. Venue in this district is proper for the Defendant pursuant to 28 U.S.C. §1391 (b) (c).

IV.

PARTIES

3. The Plaintiff, is an African American female citizen of the United States, who is a resident citizen of Little Rock, Pulaski County, Arkansas at all times pertinent to this cause of action.

4. Defendant, NA SECURITY, INC. d/b/a North American Security, Incorporated, is a duly authorized corporation under the laws of the State of Arkansas, and was conducting business at 4702 W. Commercial Drive, North Little Rock, AR 72216, at all times pertinent to this cause of action and its agent of service is Corporation Service Company, 300 Spring Building, Suite 100, Little Rock, Arkansas 72201.

V.

## STATEMENT OF FACTS

5. The Plaintiff had been employed with the Defendant since January 1, 2020, as a protective security officer.

6. The Plaintiff met the requisite qualifications for the position of protective security officer at all times pertinent to this cause of action.

7. On June 19, 2020, the Plaintiff's complained about missing wages from her check without an explanation of why the wages were being held.

8. On July 20, 2020, a Caucasian employee, Officer Kris Reynolds reported that he was placed in a group chat with a supervisor and two other Caucasian protective security officers where racist comments were made about African-Americans.

9. On August 17, 2020, Officer Derek Deleon, Robert Hutcherson and Joseph Lucky, supervisor, returned to work after being placed on paid administrative leave for the racist group chat that was reported by Officer Reynold and Adrian Henry, with U.S. Department of Homeland Security informed the Plaintiff that Officers, Derek Deleon, Robert Hutcherson and Joseph Lucky was placed on paid administrative leave without pay after she had made a complaint of a hostile working environment.

10. Richard Eads rehired Officer Derek Deleon, Robert Hutcherson and Jospeh Lucky after they participated in openly racist comments about African-American on a group chat.

11. On August 18, 2020, Plaintiff contacted Major Chatom Warren who is the building major about Hutcherson, Lucy and Deleon returning to work with no disciplinary

action.

12. On August 31, 2020, the Plaintiff reported to Major Chantom about the racist comments of the Caucasian officers that were participating in a group chat.

13. Plaintiff, reported to Richard Eads, Contract Manager, about the racist chat group that fellow Caucasian employees were participating in on July 20, 2020. Richard Eads allowed Officer Derek Deleon, Robert Hutcherson and Jospeh Lucky to be paid on administrative leave with pay and only after the incident was reported to the United States Department of Homeland Security were the participants in the group chat terminated.

14. On December 7, 2020, Officer Wells, a Caucasian told a racist joke to Officer Hill, an African-American who reported this incident and no disciplinary action was taken against Officer Wells other than moving him to another post.

15. On January 19, 2021, Officer Estee Larry reported missing wages to Major Warren after not being able to contact a Union Representative. On this date, the Plaintiff and Officer Larry were denied grievances by the Company.

16. On June 16, 2021, Officer John Cotter, a Caucasian reported that Officer Bowe, a Caucasian called a group of African American piccaninny while on post. No disciplinary action occurred, but the incident was reported to Lt. Daniel Sanderson.

17. On August 30, 2021, Officer Jamie Valencia, a Caucasian, told the Plaintiff and Officer Leslie Ruby, an African-American officer that Richard Eads told him to watch "them" because Richard Eads said he was going fire them.

18. On September 1, 2021, Officer Larry Robinson, a Caucasian told the Plaintiff and Officer Jasmine Lever, an African-American, that Richard Eads told him to watch all of "you people".

19. On October 8, 2021, Officer Estee Larry, an African-American reported being harassed to NAS Human Resources and the U.S. Department of Homeland Security.

20. On October 13, 2021, Officer Justin Garrison, resigned due to a hostile working environment.

21. On October 15, 2021, Lt. Daniel Sanderson arrived at Officer Garrison's home unannounced with a hostile attitude.

22. On December 9, 2021, Officer Jamie Valencia, a Caucasian, grabbed Officer Nikkos Williams an African-American's gun while on his person and shook it. This incident was reported, but no disciplinary action was taken.

23. On December 22, 2021, Officer Blake Sullivan. A Caucasian, grabbed Office Estee's phone and took some photographs and then threw it down and make a white supremacy symbol. This action was reported to management, but no disciplinary action occurred.

24. On January 25, 2022, Plaintiff was forced to work with Officer Blake Sullivan after reporting his racist behavior. Officer Steve Brown, an African-American was threatened by Lt. Sanderson about switching post with the Plaintiff. Plaintiff contacted Lt. Sanderson and informed him that she was going to contact the NAACP complaint of discrimination was being ignored.

25. On January 26, 2022, the Plaintiff had a meeting with Richard Eads and complained about the conduct of Office Sullivan and about him posting a lot of racist things on social media.

26  On January 26, 2022, Officer Stiles, a Caucasian, was reported to management by Office Estee Larry, an African-American for racial harassment. Richard Eads called another

meeting with myself about the protective service officers about the racial comments of Caucasians officers that were creating a hostile working environment.

27. On February 2, 2022, Officer Estee Larry, an African-American contacted Richard Eads via email about recent racial harassment that African-American protective service officers were enduring while on post.

28. On February 8, 2022, the Plaintiff, and Officer Estee Larry was placed on unpaid administrative leave without explanation by Richard Eads and Lt. Daniel Sanderson.

29. On February 16, 2022, the Plaintiff was sent a letter from the Defendant stating that the reasons for her termination was being on her cell phone for one minute and three seconds; not wearing a mask; and had her back turned to her post nine times; talking with PSO Estee Larry for 24 minutes; failed to alert PSO Larry of an unknown person walking through PSO Larry post that was unscreened which were untrue.

30. On April 19, 2022, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on April 19, 2022 based on violation of her rights based on race, Black and in retaliation for filing multiple complaints opposing unlawful employment practices, in violation of Title VII of the Civil Rights Act of 1964 as amended.

31. That Plaintiff was issued a right to sue by the U.S. Equal Employment Opportunity Commission on October 31, 2022. (See Exhibit "1").

## VI.

### DISCRIMINATION PURSUANT TO 42 U.S.C. § 2000e *et seq.* and *42 U.S.0 § 1981*

32. That Plaintiff re-alleges paragraphs numbered 1 through 31 as through set forth word for word herein.

33. That Defendant discrimination against the Plaintiff on the basis of race when she

was terminated based on false allegations of violating the policies of the Defendant while Caucasian employees that committed the same of similar violations of the policies of the Defendant was treated less harshly in violation of 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981.

34. That Plaintiff was deprived of benefits of her employment in terms of her earnings and benefits when she was terminated from employment by the Defendant.

## VIII.

## RETALIATION

35. That Plaintiff re-alleges paragraphs 1 through 34 as though set forth word for word herein.

36. That Defendant retaliated against the Plaintiff on the basis of her race for protesting discriminatory treatment by her other coworkers' outside of the protected class in violation of 42 U.S.C. § 2000e et seq. and 42 U.S.C. §1981.

37. That but for the Plaintiff's race, African American, the Defendant would not have retaliated against her for protesting a hostile working environment based on her race in violation of 42 U.S.C. § 1981.

38. The Plaintiff has met the statutory requirements of filing this complaint within ninety (90) days after receiving the "Dismissal and Notice of Right" letter.

39. That Plaintiff demands a jury trial.

## IX.

## DAMAGES

40. As a direct and proximate cause of the Defendant's discriminatory conduct, in violation

of 42 U.S.C. §2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended), 42 U.S.C. §1981, and the Fourteenth Amendment to the United States Constitution, the Plaintiff has suffered and continues to suffer a loss of pay benefits and prestige.

41. As a direct and proximate cause of the Defendant's discriminatory conduct in violation of 42 U.S.C. §2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended), 42 U.S.C. §1981, and the Fourteenth Amendment to the United States Constitution, the Plaintiff has suffered and continues to suffer mental and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain, and suffering.

42. As a direct and proximate cause of the Defendant's discriminatory conduct in violation of 29 U.S.C. §621 the Plaintiff has suffered and continues to suffer a loss of pay benefits and prestige.

43. That the acts of Defendant by and through its management-employees have been intentional, willful, and Plaintiff should therefore be entitled to an award of punitive damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for the following relief:

1. Judgment against the Defendant in the sum of $500,000.00 for all relief available to her, including back pay, front pay, and all other employment benefits, if any under 42 U.S.C. §2000e, *et seq.,* including compensatory and punitive damages and including prejudgment interest.

2. Judgment against Defendant for 1,500,000.00 and any and all relief available to Plaintiff for violation of 42 U.S.C. §1981, including compensatory and punitive damages and including prejudgment interest.

3. That Plaintiff should be granted injunctive and declaratory relief, prohibiting

Defendant from further violations of Title VII and 42 U.S.C. §1981, including any further acts of retaliation.

4. That Plaintiff should be reinstated to her position with the Defendant.

5. All other relief, legal and equitable to which Plaintiff may be entitled in the premises;

6. Award of attorney's fees and all court costs, including discretionary costs; and

7. 7. Jury demand.

Respectfully submitted,

s/Sheila F. Campbell
Sheila F. Campbell, ARK#83239
Attorney at Law
2510 Percy Machin
North Little Rock, AR 72114
(501) 374-0700 (telephone)
(501) 372-5375(fax)
campbl@sbcglobal.net

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Little Rock Area Office
820 Louisiana St, Suite 200
Little Rock, AR 72201
(501) 900-6130
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 10/31/2022

**To:** Jovette T. Roseburrow
201 Ridgelea Avenue
Sherwood, AR 72120
Charge No: 493-2022-00749

EEOC Representative and email:   Brittney Wilkerson
Investigator
brittney.wilkerson@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 493-2022-00749.

On behalf of the Commission,

Digitally Signed By: Edmond Sims
10/31/2022

Edmond Sims
Acting District Director

EXHIBIT "1"

Cc:
Jason Branciforte
Littler Mendelson, PC
815 Connecticut Ave., NW Ste 400
Washington, DC 20006

Joseph Greener
815 Connecticut Ave., NW Ste. 400
Washington, DC 20006

ALYSSA WATKINS
1701 S. Kelly Ave
Edmond, OK 73013


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 493-2022-00749 to the District Director at Edmond Sims, 1407 Union Avenue 9th Floor

Memphis, TN 38104.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.